IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODNEY A PRESSLER,

    Petitioner,

v.                                      CASE NO. 3:15-cv-503-MCR-GRJ

SECRETARY, DEPT. OF CORR.,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion to dismiss the petition as time-barred and alternative response to the Petition, ECF No. 12, and Petitioner filed a reply in opposition, ECF No. 15. For the following reasons, the undersigned recommends that the Court grant the motion to dismiss and dismiss the Petition as time-barred and unexhausted, and alternatively denied on the merits.

### I. One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review[.]"  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## II. State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion and by relevant records of Petitioner's federal criminal case in this Court.  ECF No. 12; *see United States v. Pressler*, Case No. 3:11-cr-64-MCR (N.D. Fla.).  In state court, Petitioner pleaded *nolo contendere* to one count of robbery without a weapon and one count of resisting an officer without violence.  Under a plea agreement, Petitioner was sentenced to 10 years on the robbery charge and to time served on the resisting charge.  ECF No. 12-1 at 18-21 (plea agreement), 23-28 (judgment and sentence), 30-41 (plea colloquy).  During the plea colloquy, Petitioner's counsel requested that the court have no objection to remanding Petitioner to federal custody for his violation of probation proceedings, and the court stated that it did not object.  ECF No. 12-1 at 33, 39-40.  Judgment was rendered on March 4, 2014.  *Id*. at 23.

Petitioner did not appeal.

On November 17, 2014, Petitioner filed a handwritten pleading in the trial court styled as a habeas corpus petition, contending that his state sentence was supposed to be served concurrently with any federal sentence. Petitioner asked the court to amend the sentencing document to reflect that his sentence "may be served concurrent to any federal sentence." *Id*. at 58-62.

On January 6, 2015, Petitioner was sentenced in this Court to 33 months' imprisonment following violation of supervised release proceedings. *See United States v. Pressler*, Case No. 3:11-cr-64-MCR (Jan. 6, 2015) (plea hearing transcript). During sentencing, Petitioner's counsel stated that Petitioner told him that his state plea agreement provided that his federal sentence would run concurrently with his state sentence. Counsel conceded, however, that "a state judge couldn't have bound this Court. And I pulled the judgment and it doesn't speak to that specifically. . . . as this Court knows, that's not how it works. He's going to go back to the state, and he's going to serve all of that time in the state." *Id*. at 10-11. The district judge determined that Petitioner's federal sentence should be consecutive to his state sentence. *Id*. at 15.

On January 20, 2015, the state trial court entered an order finding that Petitioner's claim concerned the voluntariness of his plea and should have been raised by way of a Fla. R. Crim. P. 3.850 motion. Treating the petition as a Rule 3.850 motion, the court found that it was facially insufficient for reasons including the failure to meet the procedural requirements of Rule 3.850(c), which sets forth the necessary form of the movant's oath and other requirements. The court struck the petition without prejudice to filing a legally sufficient Rule 3.850 motion within 60 days of the court's order. *Id*. at 66-67.

On February 2, 2015, Petitioner filed another handwritten "petition and motion [for] postconviction relief," asserting the same claim. *Id*. at 69-72. The court again found that the motion was facially insufficient for reasons including that Petitioner had wholly failed to include the required oath pursuant to Rule 3.850(c). In addition, the court noted with respect to Petitioner's claim that a "'state court is without authority to order that [a defendant] concurrently serve his state sentence in federal custody.'" *Id*. at 76-78 n.1 (quoting *Napolitano v. State*, 875 So.2d 1290, 1291 (Fla. 3d DCA 2004)). Because Petitioner had again failed to file a facially sufficient motion, the court denied the motion pursuant to Fla. R. Crim. P.

3.850(f)(2), which provides that when a defendant has been given leave to amend his motion but the amended motion is still insufficient, the court may enter a final, appealable order summarily denying the motion with prejudice. *Id*. The court's order was entered on April 6, 2015, and advised Petitioner that he had thirty days to appeal. *Id*.

On April 30, 2015, Petitioner filed a third motion pursuant to Fla. R. Crim. P. 3.850(b), and a motion for rehearing and for leave to amend. *Id*. at 79-87. On May 11, 2015, the court found that the motion for rehearing was untimely because it was not filed within 15 days of service of the court's order denying the second postconviction motion, as required by the rule. The court declined to grant Petitioner leave to again amend his postconviction motion because he had been given an opportunity to amend, had failed to file a facially sufficient motion, and the court had entered a final order denying the motion with prejudice. The court further found that the third motion also was facially insufficient. *Id*. at 90-92.

On May 28, 2015, Petitioner filed a notice of appeal. *Id*. at 100-01. In his appellate brief, Petitioner argued that the state court abused its discretion by summarily denying his motion for leave to amend and amended postconviction motion. *Id*. at 106-20. On July 7, 2015, the First

DCA ordered Petitioner to show cause why the appeal should not be dismissed because it was not timely filed with respect to the judgment denying his postconviction motion. *Id*. at 126. In response, Petitioner asked the court to find that it had jurisdiction to review the trial court's May 11, 2015, order denying rehearing and denying leave to file a third amended postconviction motion. *Id*. at 128-36. On July 28, 2015, the appeal was dismissed *per curiam*, without written opinion. *Id*. at 138. The court denied rehearing on September 8, 2015. *Id*. at 146.

Petitioner then filed the instant federal habeas corpus petition on November 9, 2015. ECF No. 1. Petitioner contends that his due process rights were violated and his plea agreement was breached because his plea agreement provided that his state sentence would run concurrently with any subsequently-imposed federal sentence. *Id*. at 5. Petitioner asserts that his claim did not accrue until January 6, 2015, when he was sentenced to a consecutive sentence in federal court. *Id*. at 9.

### III. Discussion

Section 2244(d)(1) provides that the one-year limitations period runs from the latest of one of four possible triggering events. At issue in this case are the events set forth in § 2244(d)(1)(A) (the date on which the

judgment became final) and § 2244(d)(1)(D) (the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence).

In this case, Petitioner's conviction became final on April 3, 2014, when the time for filing a notice of appeal elapsed 30 days after entry of judgment. See Fla. R. App. P. 9.140(b)(3). Absent tolling, Petitioner had until April 3, 2015, to file a federal habeas corpus petition.

Petitioner's November 17, 2014, state petition did not toll the federal limitations period because it was not "properly filed" under state law. Under Florida law, a Rule 3.850 motion for postconviction relief must contain either a notarized or an unnotarized oath with specific terms. See Fla. R. Crim. P. 3.850(c); 3.987(1) (Rule 3.850 postconviction motion form setting forth required contents of oath). The Eleventh Circuit has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not "properly filed" under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period. *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir.2000); *Jones v. Sec'y Fla. Dept. Of Corr.*, 2012 WL 6028995 **4, 499 Fed. Appx. 945 (11th Cir. 2012). Because Petitioner never successfully cured the defects in his postconviction motion, none of

the subsequent state trial or untimely appellate proceedings tolled the limitations period, and his time for filing a federal petition expired on April 3, 2015.

Petitioner contends that § 2244(d)(1)(D) provides the proper triggering date because he did not learn of the "breach" of his plea agreement until he was sentenced in federal court on January 6, 2015. This argument affords Petitioner no relief. Even if the limitations period began to run following his federal sentencing, Petitioner never exhausted his breach-of-plea-agreement claim in state court by filing a procedurally sufficient postconviction motion. Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged

violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, the record presents no evidence that would support a credible claim of actual innocence sufficient to

overcome the procedural default.

Lastly, the record does not demonstrate that Petitioner would be entitled to relief on the merits of this claim even if the Petition were timely and the claim had been exhausted.  As Respondent points out—and as Petitioner's counsel conceded at his federal sentencing— there is nothing in the state court record that supports Petitioner's claim that his plea agreement provided that his state sentence would be concurrent with any subsequently-imposed federal sentence.  Because Petitioner was sentenced in state court first, such a claim presumes that the federal sentencing court would impose a concurrent sentence.  As the state court observed, the state court had no authority to direct whether a subsequently-imposed federal sentence would be concurrent to Petitioner's state sentence.  ECF No. 12-1 at 77 n.1.  On this record, the Court cannot find that there is any factual basis for Petitioner's claim.

In his response in opposition to the motion to dismiss, Petitioner further argues that the state trial court violated his due process rights by not permitting a longer opportunity to file an amended postconviction motion.  ECF No. 15.  It is the province of the state court to construe and apply the state procedural rules to Petitioner's postconviction proceedings,

and asserted errors by the state court in postconviction proceedings which are unrelated to the cause of Petitioner's detention do not provide a basis for federal habeas corpus relief. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009); *Anderson v. Sec'y, DOC*, 462 F.3d 1319, 1330 (11th Cir. 2006); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987).

Accordingly, for the foregoing reasons, the Respondent's motion to dismiss is due to be granted and, alternatively, the Petition is due to be dismissed as unexhausted and denied on the merits.

## IV.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion to Dismiss, ECF No. 12, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED** as time-barred and unexhausted, and alternatively the Petition should be **DENIED** on the merits; and

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 21st day of July 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.